## M. Meuly *v.* The State.

1. Pleading — Evidence. — Though the descriptive averments of an indict ment be made unnecessarily particular, they must be substantially proved as laid.

3. Same — Obstructing Public Road. — It is not necessary that an indictment for obstructing a public road shall allege the class of road to which it pertains; but, if the class be alleged, the proof must substantially support the allegation.

3. Same. — Evidence that a road has been used and traveled by the public for many years does not support an averment that it is a "public road, lawfully established and classified as a first-class road."

Appeal from the County Court of Nueces.    Tried below before the Hon. J. Fitz Simmons, County Judge.

The charge in the indictment was that the appellant, " on the first day of September, in the year of our Lord one thousand eight hundred and seventy-seven, in the said county of Nueces, and on divers other days and times between that day and the finding of this indictment, on and across a certain public road, then and there lawfully established and classified as a first-class road, which public road is commonly known as the road leading from Miller's Ferry, on the Nueces River, to Banquete, thence to Pintos, thence to Santa Gertrudes, thence to the line of said county, *en route* to Brownsville, and also known as the old Matamoras Road, unlawfully did build and erect a certain fence and

gates, and thereby then and there unlawfully did obstruct the public use of the said public road; contrary," etc.

The evidence relied on by the state to prove the character of the road consisted of parol proof that it had been used and traveled as a public highway ever since 1846, and that the County and Commissioners' Courts had established certain ferries upon it at the crossing of certain rivers, and had regulated the rates of tax and ferriage thereupon, etc.

The defense objected and reserved exceptions to the admission of such evidence under the allegations made in the indictment.

*McCampbell & Givens* and *J. B. Murphy*, for the appellant.

*George McCormick*, Assistant Attorney General, and *P. O'Docharty*, for the State.

WINKLER, J.　The public road the appellant is charged with having unlawfully obstructed is described in the indictment as a certain public road, lawfully established and classified as a first-class road.

The pleader has perhaps been more particular in describing the offense than was necessary. It is not perceived that in an indictment for obstructing a public road, otherwise sufficient, it is absolutely necessary to charge the particular class of road; but, when the offense charged is described with unnecessary particularity, it is necessary to prove the offense as described in the indictment, at least substantially. *Rose* v. *The State*, 1 Texas Ct. App. 400; *Courtney* v. *The State*, *ante*, p. 257, and authorities there cited.

It nowhere appears from the evidence as set out in the statement of facts that the road mentioned was ever *lawfully established as a first-class road*, as it is described to be in the indictment. The verdict, on account of this deficiency, is contrary to the evidence, and the court below

erred in refusing a new trial on the sixth ground set out in the motion for a new trial.

Other interesting questions are presented in the record and discussed by counsel in their briefs, but have not been considered, as they may not arise again in the case. For the error above set out the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*